UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 2:05-cr-38-FTM-29SPC

SERGIO BALANTE PALAFOX
_____

## OPINION AND ORDER

This case is before the Court on defendant Sergio Balante Palafox's Motion to Suppress (Doc. #69) and his Supplemental Motion to Suppress Stop and Search of Vehicle and Subsequent Search of Residence (Doc. #97). An evidentiary hearing was conducted by Magistrate Judge Sheri Polster Chappell, and on October 12, 2005, Magistrate Judge Chappell submitted a Report and Recommendation (Doc. #115) recommending that defendant's motions be denied. Defendant Palafox filed Objections to Report and Recommendation (Doc. #118) on October 21, 2005.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the

district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).

The Court has read the motions, the transcript of the suppression hearing, and the legal memoranda submitted by the parties. After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to the matters to which objections were filed, the Court accepts the factual findings, conclusions and recommendations of the magistrate judge.

Defendant's first objection is that the traffic stop was a pretext, and therefore unlawful, because prior to the traffic stop law enforcement agents had focused upon defendant and his residence as being involved in drug activities. In light of the drug suspicions, defendant argues, the traffic infractions could not be utilized to support a lawful stop. Defendant further asserts that he did not commit the alleged traffic infractions.

It is clear from the testimony that defendant did commit the traffic infractions of speeding and following too closely. The magistrate judge found the undisputed testimony of the officers to this effect credible, and the Court agrees. No evidence was presented which suggests that defendant did not commit the traffic infractions.

Since the officer observed defendant committing the traffic infractions in his presence, he was authorized to make the traffic

stop because he had probable cause to believe that the traffic violations had occurred. Whren v. United States, 517 U.S. 806, 810 (1996). A traffic infraction such as those involved in this case provides probable cause for the vehicle stop. United States v. Pruitt, 174 F.3d 1215, 1217 (11th Cir. 1999)(speeding); United States v. Purcell, 236 F.3d 1274, 1276-77 n.5 (11th Cir. 2001)(following too closely). Prior to Whren the Eleventh Circuit considered the officer's subjective motivation to determine if the stop was pretextual, and therefore unlawful. E.g., United States v. Hardy, 855 F.2d 753, 756 (11th Cir. 1988). However, "[t]he Whren Court squarely rejected the pretextual stop analysis that had prevailed previously in the Eleventh Circuit." United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997). "Under the Fourth Amendment, a decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred, and an officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999)(citation and quotation of Whren omitted).

Defendant also argues that anyone would be nervous when stopped by a police officer. While this may be true, it does not affect the validity of the stop or render the stop illegal. Defendant was not arrested based upon nervous behavior, but because of the discovery of marijuana and wrappings in the vehicle.

Defendant also objects that the entry into his house was unlawful because the entry occurred prior to his execution of the

3

written consent form.  After his arrest following the traffic stop, defendant agreed to take the officers to his residence to retrieve marijuana, and he was returned to the house by the officers.  Since defendant did not have a key, and had said there were three persons in the house, the officers approached the house, knocked, and conducted a protective sweep of the residence without seizing any evidence.  The officers then had defendant execute the consent form, and thereafter conducted the search of the residence.

A consent to search does not have to be in writing to be effective.  In any event, the protective sweep was within the exception to the warrant requirement recognized in <u>Maryland v. Buie</u>, 494 U.S. 325 (1990) and its progeny.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is **accepted and adopted.**

2. Defendant Sergio Balante Palafox's Motion to Suppress (Doc. #69) is **DENIED.**

3. Defendant Sergio Balante Palafox's Supplemental Motion to Suppress Stop and Search of Vehicle and Subsequent Search of Residence (Doc. #97) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of November, 2005.

JOHN E. STEELE
United States District Judge

4

Copies:

Hon. Sheri Polster Chappell
United States Magistrate Judge

United States Attorney
Counsel of Record